Bullard, J.
Among other assets surrendered by Kohn, Daron & Co. to their creditors, was an account against Martineau, Cruger & Co., stated in the schedule to amount to $22,254 62. This credit, as well as others belonging to the bankrupts, was sold by the Marshal of the United States for the Eastern District of Louisiana, and George Whitman, the present appellant, became the purchaser for the price of $140. Thereupon the assignee, Cammack, gave him a written certificate of purchase, which recites the purchase at the Marshal’s sale of “ an account against Martineau, Cruger & Co., for $22,254 62,” and then goes on to say, that in consideration of the sum of $ 140, the assignee trans *362 fers to the purchaser, “all claims of every nature and kind whatsoever, which the said Kohn, Daron & Co. had against Martineau, Cruger & Co., subrogating him in their place and stead.”
It appears in evidence, that' Kohn, Daron & Co. having a judgment against Martineau, Cruger & Co., had proceeded by garnishment against Bushrod Jenkins, a debtor of the latter house, and obtained a judgment against him, in November, 1840, for $>4:560 19, which being deducted from the original amount, left the balance of $22,254 62, set forth in the schedule, and that the judgment thus obtained against Jenkins was, in 1842, transferred to H. M. Shiff, by Kohn, Daron & Co., previously to their going into bankruptcy. This judgment was after the bankruptcy, re-transferred to their assignee.
Under these circumstances Whitman, under his purchase at the Marshal’s sale, claims to be the owner of the judgment against Jenkins, as a part of the claim against Martineau, Cruger & Co. This question was presented on cross rules taken by the claimant, Whitman, and by Cammack, the assignee, not in very clerical and technical form, but to which informality neither party excepts; and the judgment being adverse to the pretensions of Whitman, he has appealed.
The court did not err. Independently of the parol evidence, received without opposition, and of the testimony of the witnesses who were objected to, it is shown that, at the time of the surrender of Kohn, Daron & Co., they were not owners of that part of the original claim for which they had obtained a judgment against Jenkins. It had been transferred to Shiff. The balance only was assigned for the benefit of the creditors, and embraced in the schedule. The Marshal’s sale was made with reference to the schedule; and we are to consider that nothing was sold which was not therein set forth. Although the amount for which judgment had been obtained against Jenkins, formed originally a part of the claim against Martineau, Cruger & Co., yet so much of that debt had merged in the judgment, and formed a distinct object or piece of property. The arrangements entered into with Jenkins were such as to amount to a novation, and quoad the original debtors, Martineau, Cruger & Co., they had a right to insist that their original debt was extinguished *363 pro tanto. That judgment, in our opinion, did not pass by the Marshal’s sale; but when it was re-transferred by Shiff to the assignee, it was for the benefit of all the creditors. Kohn, Daron & Co. had already given credit for that amount, and thereby treated it asa payment; for, in their schedule, they put down only the balance as a part of their assets ; and the same amount is set forth in the account of the Marshal’s sale. The fact that the re-transfer took place before the Marshal’s sale, does not alter the case, inasmuch as the sale was made with reference to the schedule.
This view of the case makes it unnecessary to examine the bills of exceptions taken during the progress of the trial.

Judgment affirmed.